IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTOINE KORNEGEY | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 17-0392 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM OPINION

Rufe, J.                                                                                                                                                     March 6, 2018

Plaintiff Antoine Kornegey filed suit alleging that he was assaulted by another inmate and that the City of Philadelphia and its employees failed to protect him from harm. After an earlier partial motion to dismiss was granted, Defendant filed an Amended Complaint.[1] Now, the City of Philadelphia, former Commissioner of the Philadelphia Prison System Louis Giorla, Warden William Lawton, Correctional Lieutenant Kevin Sizer, and Correctional Officer Ervin Young (collectively, the "City Defendants"), move to dismiss all claims asserted against them for failure to state a plausible claim to relief. For the following reasons, the motion will be granted in part and denied in part.

### I.    BACKGROUND

The Amended Complaint alleges the following facts, which are presumed to be true for the purposes of the motion to dismiss. On July 19, 2014, Plaintiff, an inmate on the C-1 cell block at the Philadelphia House of Correction, was assaulted by another inmate, Defendant Allen Tumblin, in the presence of Sizer, Young, and other unnamed correctional officers. While Plaintiff was being attacked by Tumblin, his head hit protruding water pipes, which lacerated his

---

[1] The case at that time was assigned to the docket of the Honorable Legrome D. Davis, and has since been reassigned to this Court's docket.

forehead, causing permanent facial nerve damage and scarring. Plaintiff was first sent to the prison medical officials, and then to a hospital, where he received fourteen stitches.

At the time of the attack, Tumblin was a pretrial detainee being held on charges including simple assault, robbery while inflicting bodily harm, possession of an instrument of crime, and terroristic threats. The day before Tumblin assaulted Plaintiff, Tumblin had physically injured another inmate, Nicholas Williams. Plaintiff alleges, upon information and belief, that Defendants Giorla, Lawton, Sizer, and Young knew that Tumblin's July 18 assault of Williams was unprovoked and not based on personal animus. Nevertheless, the corrections officers took no action to segregate Tumblin from the general population.

Plaintiff further alleges that, after the assault, Sizer, Young, and other corrections officers conspired to cover up the incident by creating false write-ups blaming Plaintiff for the incident and placing him in solitary confinement. Plaintiff asserts that the conspiracy was motivated by discrimination against him based on his race and ethnicity. Plaintiff also asserts that the City had a policy and custom of condoning racial and ethnic discrimination in prison disciplinary proceedings. Plaintiff further claims that the Defendants intentionally inflicted emotional distress upon him and that he was falsely imprisoned. Plaintiff seeks relief in the form of monetary damages, including compensatory damages, punitive damages, treble damages, consequential damages, delay damages, and attorney's fees and costs.

## II. LEGAL STANDARD

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

2

the plaintiff may be entitled to relief."[2]  Federal Rule of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[3]  This pleading standard does not mandate "'detailed factual allegations,'" but it requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "Factual allegations must be enough to raise a right to relief above the speculative level."[5]  Therefore, in order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]  This standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."[7]  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]

### III.  ANALYSIS

#### A.  Count I (42 U.S.C. § 1983 and Eighth Amendment Violations)

Plaintiff asserts that Giorla, Lawton, Sizer, and Young violated his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, Plaintiff asserts that Defendants acted with deliberate indifference to

---

[2] *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (citation omitted).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[5] *Twombly*, 550 U.S. at 555.

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (internal quotations and citation omitted) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable to the misconduct alleged.").

[7] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (reasoning that "bald assertions" or "legal conclusions" will not suffice).

the substantial risk of serious harm that Tumblin's presence on the C-1 cell block posed to Plaintiff, and failed to protect Plaintiff when Tumblin attacked.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that an individual acting under the color of state law deprived him or her of a constitutional right.[9] In this context, a prison official does not violate the Eighth Amendment unless (1) "the deprivation [is], objectively, sufficiently serious,"[10] such that it "result[s] in the denial of 'the minimal civilized measure of life's necessities,'"[11] and (2) the official has a "sufficiently culpable state of mind."[12] For the first factor, an inmate must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm."[13] For the second factor, an inmate must show that the prison official's state of mind is "one of deliberate indifference to inmate health or safety."[14] Put differently, a prison official may not be held liable under the Eighth Amendment for denying an inmate adequate conditions of confinement unless "the official knows of and disregards an excessive risk to inmate health or safety," and "the official [is] both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [] also draw[s] the inference."[15] Furthermore, to prevail in a civil rights action, a plaintiff must demonstrate that the defendant was personally involved in the alleged wrongful conduct; liability cannot be

---

[9] *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

[10] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

[11] *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)); *see also Bistrian v. Levi*, 696 F.3d 352, 367 (2d Cir. 2012); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

[12] *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297).

[13] *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)); *see also Wilson*, 501 U.S. at 298 (noting that a constitutional violation occurs where the conduct is, objectively, "sufficiently serious").

[14] *Farmer*, 511 U.S. at 834 (internal quotations and citations omitted) (noting that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment").

[15] *Id.* at 837.

predicated solely on the operation of *respondeat superior*.[16] "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."[17]

At the outset, Defendants Giorla and Lawton argue that Plaintiff has failed to state a claim against them because he has not plausibly alleged that they were personally involved in any wrongful conduct, or that they were aware of a substantial risk of serious harm to Plaintiff's safety. The Court agrees. The Amended Complaint fails to allege any specific duties breached by Giorla and Lawton other than the general assertion that "Defendant Tumblin should and would have been removed from the general prison population" under "appropriate prison procedures" and the conclusory statement that all City Defendants "were aware" of Tumblin's prior charges and unprovoked assault against Williams.[18] However, a claim of deliberate indifference may not be based solely on "the risk that an inmate with a history of violence might attack another inmate for an unknown reason," and Plaintiff has alleged no basis for concluding that Giorla and Lawton deliberately violated any specific prison procedures.[19] Accordingly, Count I will be dismissed as to Defendants Giorla and Lawton.

In contrast, Plaintiff's allegations are sufficient to state a § 1983 claim against Defendants Sizer and Young. Specifically, the Amended Complaint alleges that both officers were present when Tumblin assaulted Plaintiff and failed to intervene to stop the assault. The Third Circuit has stated that if an officer witnesses an inmate assault and fails to intervene, "his actions would seemingly constitute a paradigm case of deliberate indifference," if Plaintiff can show that the

---

[16] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990) ("Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983.").

[17] *Rode*, 845 F.2d at 1207 (noting that such allegations must be made with "appropriate particularity").

[18] Am. Compl. at ¶¶ 18-25.

[19] *Bistrian*, 696 F.3d at 371.

5

officer had "a realistic and reasonable opportunity to intervene" and "simply refused to do so."[20] At this stage of the proceedings, Plaintiff is entitled to additional discovery to determine whether Sizer and Young's alleged failure to intervene was unreasonable under the circumstances. Accordingly, Plaintiff will be permitted to proceed with Count I as to Defendants Sizer and Young.[21]

B. Count III (State Law Negligence)

Plaintiff alleges that the City negligently maintained exposed water pipes at the Philadelphia House of Correction that posed a hazard to inmates' safety, failed to cover the pipes, and failed to warn Plaintiff and other inmates of the hazard. The City moves to dismiss on the grounds of immunity.

While state municipalities are generally immune from liability for state tort law claims, Pennsylvania's Political Subdivision Tort Claims Act ("TCA")[22] waives this immunity under certain conditions,[23] including the failure to properly maintain real property in the "care, custody or control" of the local agency.[24] The City asserts that Plaintiff's claims fall outside this "real property exception" because the exception only applies to cases where "the artificial condition or defect of land *itself* causes injury, not merely when it facilitates injury by acts of others."[25]

---

[20] *Id.* (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)).

[21] Defendant also moves to dismiss the City from the case based on the requirement that any municipal liability must be based on allegations of specific policies or customs under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). However, *Monell* applies specifically to § 1983 claims, and Plaintiff has not asserted a § 1983 claim against the City.

[22] *See* 42 Pa. C.S.A. § 8541, *et seq.* ("Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.").

[23] *Id*. at § 8542(b).

[24] *See id.* at § 8542(b)(3).

[25] *Mascaro v. Youth Study Ctr.*, 523 A.2d 1118, 1124 (Pa. 1987) (emphasis in original).

6

The Court disagrees. The facts as alleged in this case are distinguishable from cases in which courts have held that real property merely facilitated a plaintiff's injury. In *Williams v. Philadelphia Housing Authority*,[26] the Pennsylvania Commonwealth Court held that a municipal agency was immunized from suit where it did not adequately maintain security cameras on its property, which would have alerted employees to a third party illegally residing at the housing project who shot the victim.[27] There, the court reasoned that the victim's injuries were not caused by any physical defect of the property, but rather by a superseding cause—the unforeseeable shooting by the third party.[28]

In contrast, the same court has held that under the real property exception of an analogous immunity statute, a Pennsylvania state agency can be held liable for injuries set in motion by the action of a third party when the negligently maintained property proximately caused the injuries.[29] In *Wilson v. Philadelphia Housing Authority*, the Commonwealth Court held that a municipal agency could not assert immunity where the victim was "injured on [government] property when a third party pushed her, causing her to fall and hit the stump of a metal pole protruding from the ground, thereby injuring her ankle."[30] The court held that, even though a third party "set the action in motion that caused [the] injuries," the agency could still be held liable for causing Plaintiff's injuries when it could not show that the "plaintiff's injuries would have been the same even without its negligence."[31]

---

[26] 873 A.2d 81 (Pa. Commw. Ct. 2005).

[27] *Id.* at 87-88.

[28] *Id.*

[29] *Wilson v. Phila. Hous. Auth.*, 735 A.2d 172 (Pa. Commw. Ct. 1999).

[30] *Id.* at 175-76.

[31] *Id.*; *see also Crowell v. City of Phila.*, 613 A.2d 1178, 1184-85 (Pa. 1992) (holding that a local agency could be found liable where a misplaced road sign contributed to a fatal car crash).

Here, like in *Wilson*, Plaintiff alleges that a third party forcibly caused him to collide with an exposed fixture of municipal real property, thereby causing injury. Assuming the truth of Plaintiff's allegations, it is plausible that Plaintiff's injuries would not have been of the same magnitude if not for the protrusion of the pipes, and further factual development is needed. Therefore, Plaintiff has plausibly alleged that his negligence claim against the City falls within the real property exception to the Act.

C. Count IV (False Imprisonment)

In support of his state law false imprisonment claim, Plaintiff alleges that the City, Sizer, and Young created false prison write-ups and unlawfully placed him in solitary confinement in "the hole" for two weeks. To state a claim for false imprisonment under Pennsylvania law, a plaintiff must plausibly allege that (1) he or she was detained, and (2) the detention was unlawful.[32]

The Court is unaware of any cases in which a prisoner who was lawfully incarcerated was permitted to proceed with a false imprisonment claim under Pennsylvania law based on the conditions of his or her confinement. Nonetheless, the Court need not decide whether such a claim can ever proceed, because the elements of detention and unlawfulness in this context would require, at the very least, the deprivation of a cognizable liberty interest without due process, and Plaintiff's allegations have failed to meet that burden.[33]

The Third Circuit has held that "an administrative sentence of disciplinary confinement, by itself, is not sufficient to create a liberty interest."[34] Rather, a plaintiff asserting a deprivation

---

[32] *Gwynn v. City of Philadelphia*, 719 F.3d 295, 304 n.4 (3d Cir. 2013) (citing *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994)).

[33] *Ollie v. Brown*, No. 12-67, 2013 WL 6154417, at *10 (W.D. Pa. Nov. 22, 2013) (citing *Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process")).

[34] *Mensinger*, 293 F.3d at 653.

8

of due process must allege facts sufficient to show a deprivation of a protected substantive right that is "atypical and significant hardship in relation to the ordinary incidents of prison life," such as denial of access to the courts, or retaliation against the exercise of such a right.[35] In addition, a plaintiff must also establish the denial of a basic opportunity to be heard and to defend against the allegations against him.[36] Plaintiff has made no such allegations in his Amended Complaint. Specifically, he has not alleged the deprivation of any substantive right other than confinement in administrative custody for two weeks, which courts have held does not deprive a plaintiff of a liberty interest as a matter of law.[37] Nor has he alleged facts indicating any intent by the City, Sizer, or Young to prevent Plaintiff from exercising—or to retaliate against any attempt by him to exercise—a protected right. Finally, Plaintiff has not alleged that he was denied an opportunity to challenge the allegedly false evidence against him. Accordingly, Claim IV will be dismissed.

### D. Count V (Malicious Prosecution)

Because Plaintiff has withdrawn his malicious prosecution claim, Count V of the Amended Complaint will be dismissed.[38]

### E. Count VI (Intentional Infliction of Emotional Distress)

Plaintiff asserts that Defendants intentionally caused him to suffer severe emotional distress alongside his physical injuries. An action for intentional infliction of emotional distress ("IIED") requires a plaintiff to show that (1) the conduct is extreme; (2) the conduct is

---

[35] *Id*. at 652-54.

[36] *Id*.; *Scerbo v. Lowe*, 326 F. App'x 652, 655 (3d Cir. 2009).

[37] *See, e.g.*, *Israel v. Superintendent of S.C.I. Fayette*, No. 08-428, 2009 WL 693248, at *5 (W.D. Pa. Mar. 13, 2009) (citing *Griffin v. Vaughn,* 112 F.3d 703 (3d Cir.1997)).

[38] *See* Plaintiff's Brief at 7.

intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress is severe.[39] To state a claim for IIED in Pennsylvania, a plaintiff must demonstrate that the defendant's conduct was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society."[40]

The only ground Defendant asserts for dismissing Plaintiff's IIED claim is that the Amended Complaint does not specifically allege "competent medical evidence" of emotional distress. Defendants rely on *Kazatsky v. King David Memorial Park, Inc.*,[41] in which the Supreme Court of Pennsylvania affirmed the trial court's decision to grant compulsory nonsuit on the grounds that the plaintiffs introduced no competent medical evidence of emotional distress during trial. However, most federal district courts in this circuit have declined to require specific allegations of medical evidence at the motion to dismiss stage, and there is nothing in the text of *Kazatsky* itself that suggests the court intended to create a heightened pleading requirement.[42] Accordingly, the Court declines to hold that *Kazatsky* bars Plaintiff's IIED claim at this stage. The City Defendants' motion to dismiss will be denied as to Count VI.

---

[39] *See Arnold v. City of Phila.*, 151 F. Supp. 3d 568, 579 (E.D. Pa. 2015) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)); *see also Kazatsky v. King David Memorial Park*, 515 Pa. 183, 190 (1987); Restat. 2d of Torts, § 46 (2nd 1979).

[40] *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005); *see also Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000) (citing *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1998)); *Smith v. Sch. Dist. Phila.*, 112 F. Supp. 2d 417, 428 (E.D. Pa. 2000) (noting that outrageousness occurs as a matter of law where a recitation of facts to an average member of the community would "arouse resentment against the actor," and lead him to exclaim "outrageous").

[41] 515 Pa. 183 (1987).

[42] *See, e.g., Silver v. Mendel*, 894 F.2d 598, 607 n.19 (3d Cir. 1990) (internal quotations and citation omitted) ("The plaintiff's allegations are sufficient in this case to withstand a motion to dismiss. However, to survive a motion for summary judgment, the plaintiff must still present competent medical evidence of causation and severity of his emotional distress . . . ."); *Carbone v. City of New Castle*, No. 2:15-CV-1175, 2016 WL 406291, at *12 (W.D. Pa. Feb. 3, 2016) (denying motion to dismiss despite lack of allegations of competent medical evidence); *Clair v. Borough of New Brighton*, No. 2:16-00667-TFM, 2016 WL 4396171, at *5 (W.D. Pa. Aug. 18, 2016) (same); *Mascarini v. Quality Employment Servs. & Training*, No. 1:10-CV-1546, 2011 WL 332425, at *9 (M.D. Pa. Jan. 31, 2011) (same); *Schultz v. Hughesville Borough*, No. 4:10-CV-0262, 2010 WL 5147519, at *7 n.9 (M.D. Pa.

F. Count VII (42 U.S.C. § 1985) and Count VIII (42 U.S.C. § 1981)

Plaintiff asserts that Defendants conspired to interfere with his right to be free from invidious discrimination based on race and ethnicity, in violation of 42 U.S.C. § 1985, and implemented discriminatory prison disciplinary customs and policies, in violation of 42 U.S.C. § 1981. Section 1985(3) permits civil actions against conspiracies that are formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."[43] In order to survive dismissal, Plaintiff's § 1985(3) claim must allege "that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious,"[44] and that there was a "meeting of the minds" among co-conspirators.[45]

Similarly, § 1981 of the Civil Rights Act prohibits discrimination on the basis of race or alienage and secures the protection of certain civil rights, such as the right to file a lawsuit, make and enforce contracts, and to give evidence.[46] In order to state a claim under this section, a plaintiff must allege that (1) he or she is a member of a racial minority, (2) the defendant

---

Dec. 13, 2010) (same) (internal citations and quotations omitted); *E.N. v. Susquehanna Twp. Sch. Dist.*, No. 1:09-CV-1727, 2010 WL 4853700, at *19 (M.D. Pa. Nov. 23, 2010) (same); *Sullivan v. Warminster Twp.*, No. 07-4447, 2010 WL 2164520, at *10 (E.D. Pa. May 27, 2010) (same); *Hall v. Raech*, No. CIV.A. 08-5020, 2009 WL 811503, at *7 (E.D. Pa. Mar. 25, 2009) (same). *But see Rosenberg v. Thomas Jefferson Univ. Hosp., Inc.*, No. 15-4208, 2016 WL 2766504, at *2 (E.D. Pa. May 13, 2016); *Buttermore v. Loans*, No. CV 15-1514, 2016 WL 308875, at *9 (W.D. Pa. Jan. 25, 2016); *McComb v. Morgan Stanley & Co.*, No. 07-1049, 2007 WL 4150786, at *8 (W.D. Pa. Nov. 19, 2007); *Doe v. Equifax Servs., Inc.*, No. CIV. A. 88-3872, 1989 WL 57348, at *9 (E.D. Pa. May 26, 1989).

[43] 42 U.S.C § 1985(3).

[44] *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal citation omitted); *see also McCleester v. Mackel*, 2008 U.S. Dist. LEXIS 27505, at *92 (W.D. Pa Mar. 27, 2008) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101, 102 (1971) ("The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all.").

[45] *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008).

[46] *See* 42 U.S.C. § 1981(a).

intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in § 1981.[47] "The discriminatory intent necessary for a valid section 1981 claim can manifest in disparate impact, departure from procedural norms, a history of discriminatory conduct, or other relevant facts, but may not be established by conclusory allegations of generalized racial bias."[48]

The City Defendants assert that Plaintiff has failed to allege specific facts evidencing discrimination based on any protected classes. The Court agrees. Beyond mere speculation and conjecture, Plaintiff has not alleged any facts that indicate any of the City Defendants engaged in any conduct evidencing animus or discrimination based on race or ethnicity,[49] or of disparate treatment based on these classifications.[50] Plaintiff's bare assertion that "it was the policy and/or custom" of the City to "tolerate racially and ethnically discriminatory motives" is insufficient to state a claim in the absence of any plausible facts supporting the existence of such a policy or custom.[51] Accordingly, Plaintiff has failed to state a claim against the City Defendants under § 1981 or § 1985.

---

[47] *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

[48] *Bailey v. Harleysville Nat'l Bank & Trust Co.*, 2005 U.S. Dist. LEXIS 17527, at *14-15, 2005 WL 2012024, at *5 (E.D. Pa. 2005) (citing *Flagg v. Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992)); *see also Boykin v. Bloomsburg Univ.*, 893 F. Supp. 378, 394 (M.D. Pa. 1995) (reasoning that conclusory allegations are insufficient to establish racially discriminatory intent).

[49] *C.f., e.g., Dantzler-Hoggard v. Graystone Acad. Charter Sch.*, No. 12-0536, 2012 WL 2054779, at *9 (E.D. Pa. June 6, 2012) (declining to dismiss a claim under, *inter alia*, § 1981, when Plaintiff had pleaded allegations of racially derogatory and insensitive comments sufficient to raise an inference of discriminatory intent).

[50] Moreover, with respect to Plaintiff's § 1985 claim, Plaintiff has not demonstrated how or to what extent the City, Giorla, or Lawton were involved in a conspiracy to deprive him of his civil rights. Plaintiff fails to point to an agreement or concerted action among or between the City, Giorla, and Lawton that might provide some basis for finding the existence of a conspiracy.

[51] Am. Compl. at ¶ 89.

G. Count IX (Claims Under the Pennsylvania Constitution)

Plaintiff seeks monetary damages for violation of his rights under the Pennsylvania Constitution to be free from unreasonable seizure of one's person and equal protection under the laws and freedom from invidious discrimination on the basis of race and ethnicity. However, the Pennsylvania Commonwealth Court has held that "neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."[52] While the Pennsylvania Supreme Court has not specifically addressed the issue,[53] federal courts have adhered to the reasoning of the Commonwealth Court in refusing to recognize such claims for money damages.[54] Accordingly, Count IX of Plaintiff's claim will be dismissed.

H. Leave to Amend

In civil rights cases, "district courts must offer amendment— irrespective of whether it was requested— when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[55] Here, Plaintiff seeks leave to amend his § 1983 claim in order to plead in the alternative that Plaintiff was a pretrial detainee and should be covered under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against "cruel and unusual" punishment. However, courts in the Third Circuit have applied the same "deliberate indifference" standard to "failure to protect" claims involving prisoners under both

---

[52] *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006).

[53] *See Mount Airy #1, LLC v. Pa. Dep't of Revenue*, 154 A.3d 268, 280 n.11 (Pa. 2016).

[54] *See, e.g.*, *Ibn-Sadiika v. Cnty. Allegheney Dep't Ct. Rec.*, 647 F. App'x 60, 62 (3d Cir. 2016); *O'Donnell v. Cumberland Cnty.*, 195 F. Supp. 3d 724, 730-31 (M.D. Pa. 2016); *Mawson v. Pittston City Police Dep't*, 2017 U.S. Dist. LEXIS 8953, at *43 (M.D. Pa. Jan. 20, 2017); *Hadesty v. Rush Twp. Police Dep't*, 2016 U.S. Dist. LEXIS 32831, at *15 (M.D. Pa. Mar. 15, 2016).

[55] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

the Due Process Clause and the Eighth Amendment.[56] Accordingly, any attempt to add a due process theory to Plaintiff's § 1983 claim would be futile with respect to Defendants Lawton and Giorla. Moreover, Plaintiff is represented by counsel and has already had an opportunity to amend his claims based on his assault and administrative confinement with the benefit of the Court's order and opinion on a prior motion to dismiss. Accordingly, the Court concludes that leave to further amend would be futile and would not serve the interest of justice.

## IV. Conclusion

For the foregoing reasons, the City Defendants' Motion to Dismiss will be granted in part and denied in part as follows. With respect to Count I of the Amended Complaint, the Motion will be granted as to Giorla and Lawton and denied as to Sizer and Young. The Motion will be denied with respect to Counts III and VI. Count V will be dismissed as withdrawn. The Motion is granted with respect to Counts IV, VII, VIII, and IX. An order follows.

---

[56] *Bistrian*, 696 F.3d at 367; *Paulino v. Burlington Cty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011); *Gibson v. Steelton Police Dep't*, No. 12-1328, 2012 WL 3686775, at *5 (M.D. Pa. Aug. 7, 2012), *report and recommendation adopted*, No. 12-1328, 2012 WL 3687887 (M.D. Pa. Aug. 27, 2012).